# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48953-8-II |
| Respondent, | |
| v. | |
| MICHAEL JOSEPH WAGES, | UNPUBLISHED OPINION |
| Appellant. | |

WORSWICK, J. — Michael Joseph Wages appeals his conviction for possession of a stolen vehicle. He argues that the State presented insufficient evidence of his possession of the vehicle and his knowledge that the vehicle was stolen. Because sufficient evidence supports Wages's conviction for unlawful possession of a stolen vehicle, we affirm the conviction.

FACTS

On March 25, 2014, Brian Waddle reported that his truck had been stolen. He and his ex-wife had the only sets of keys and had not given any other person permission to use or enter the truck.

On April 11, 2014, Detective Doug Whitley went to Leonard Fonda's home to serve a warrant on Wages. Detective Whitley saw a truck matching the description of the stolen truck outside of Fonda's house. Fonda allowed Detective Whitley into his house where he found Wages hiding in a bedroom closet and arrested him.

Before leaving the premises, Detective Whitley interviewed Fonda, and recorded it on his digital recorder. Fonda said that he had seen Wages driving the truck in question. The plates on

the truck matched those of a different stolen truck, indicating that they had been switched. The public vehicle identification number (VIN) had been covered up with cardboard from inside the truck. After obtaining a search warrant, Detective Whitley ran the VIN and confirmed the truck belonged to Waddle. Detective Whitley had the truck towed and taken to Kent Police's impound lot where a King County fingerprint team dusted it for prints.

In the truck, Detective Whitley found a prescription pill bottle with Wages's name on it. Detective Whitley also found a dent puller, which had been modified to be able to remove a vehicle's ignition. Several fingerprints matching Wages's were found on and in the truck, including on the outside driver's side door, on the rearview mirror, on the driver's side inside door sill, and on a lighter in the center console. The truck's ignition had been removed. The passenger's side door lock had been damaged visibly and something had been broken off in it so that the lock did not work. Due to the ignition's removal the truck could not be started with the keys and had to be started with a multipurpose tool.

Wages was charged with unlawful possession of a stolen vehicle on April 15, 2015. At trial, witnesses testified to the above facts.[1] The jury found Wages guilty of possession of a stolen vehicle.

## ANALYSIS

### I. SUFFICIENCY OF THE EVIDENCE

Wages argues that insufficient evidence supports his conviction for possession of a stolen vehicle. We disagree.

---

[1] Fonda was found competent to testify and Detective Whitley's recorded conversation with him was played for the jury.

A.      *Legal Principles*

Evidence is sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in the light most favorable to the State, could find the elements of the charged crime beyond a reasonable doubt. *State v. Longshore*, 141 Wn.2d 414, 420-21, 5 P.3d 1256 (2000). "In claiming insufficient evidence, the defendant necessarily admits the truth of the State's evidence and all reasonable inferences that can be drawn from it." *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014). We defer to the jury on issues of conflicting testimony, credibility of witnesses, and the persuasiveness of the evidence. *State v. Andy*, 182 Wn.2d 294, 303, 340 P.3d 840 (2014). Circumstantial evidence and direct evidence carry equal weight. *State v. Varga*, 151 Wn.2d 179, 201, 86 P.3d 139 (2004).

Possession of a stolen vehicle requires that a person "possess[es] a stolen motor vehicle" and possessing stolen property means to "receive, retain, possess, conceal, or dispose of stolen property knowing that it has been stolen." RCW 9A.56.068(1), .140(1). Mere possession of stolen property is insufficient to justify a conviction, but possession in connection with other evidence tending to show guilt is sufficient. *State v. McPhee*, 156 Wn. App. 44, 62, 230 P.3d 284 (2010). Wages argues that there is not sufficient evidence to support the fact that he both possessed the stolen truck and knew that it was stolen.

B.      *Evidence of Possession*

Viewing all facts and inferences in the light most favorable to the State, a rational jury could have found that Wages possessed the stolen truck. Fonda saw Wages driving the stolen truck, Wages's fingerprints were found on and inside various parts of the truck, prescription pill bottles with Wages's name on them were found in the driver's side door pocket, and a lighter

with his fingerprints was found in the center console. Thereby, sufficient evidence supports the conclusion that Wages possessed the stolen truck.

C.       *Evidence of Knowledge*

Taking all facts and inferences in the light most favorable to the State, sufficient evidence exists to establish that Wages knew that the vehicle was stolen. The license plates on the truck had been switched. The lock on the passenger's side of the truck was damaged such that it could not have a key put into it or be locked. Wages did not have the keys to start the vehicle and the ignition was removed, meaning that the only way to start the vehicle was with a method other than using the keys. Any reasonable juror could infer that a person had knowledge that a vehicle is stolen if the license plates had been switched with those of another vehicle and a method other than using a vehicle's keys were required to start the vehicle. *Homan*, 181 Wn.2d at 106. Wages's actions also indicate that he had knowledge that the truck was stolen. The VIN was covered up with a piece of cardboard so that anyone outside of the truck could not read it. Based on these facts, any rational trier of fact could conclude that Wages had knowledge that the vehicle had been stolen.

Because a reasonable juror could have found that Wages possessed the stolen truck and knew that it was stolen, sufficient evidence supports the conviction. We affirm Wages's conviction for possession of a stolen vehicle.

## II.   APPELLATE COSTS

Wages requests that this court decline to impose appellate costs because he is indigent. The State argues that because neither party has substantially prevailed we should not consider

4

No. 48953-8-II

appellate costs at this time, and otherwise should impose costs consistent with the State's forthcoming cost bill.

On January 31, 2017, RAP 14.2 was amended to provide that appellate costs will not be awarded if a commissioner of this court determines that the party against whom costs are sought does not have the current or likely ability to pay such costs. Because Wages's ability to pay costs on appeal may be addressed by a commissioner of this court, we decline to exercise our discretion to waive appellate costs in this decision terminating review. RAP 14.2; RCW 10.73.160(1).

We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Worswick, J.

We concur:

_____
Maxa, A.C.J.

_____
Sutton, J.

5